UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE CARLOS GOMES : | |
|     Petitioner : | CIVIL ACTION NO. 3:20-505 |
| v. : | (MANNION, D.J.) |
| CLAIR DOLL, Warden of York County Prison, : | |
| : | |
|     Defendant | |

## ORDER

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Karoline Mehalchick, which recommends that Gomes's petition for a writ of habeas corpus be dismissed without prejudice. (Doc. 9). Gomes has filed objections to the Report. (Doc. 10).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

In her Report, Judge Mehalchick notes that Gomes appealed his order of removal and the denial of his applications for asylum, withholding removal, and INA §240A(b)(1) cancellation on February 20, 2020, and subsequently filed his instant petition on March 20, 2020. Significantly, however, because the Board of Immigration Appeals ("BIA") denied his appeal on June 5, 2020, the Report observes that Gomes's challenges to his pre-final order of removal and corresponding detention are moot. As a result, Judge Mehalchick recommends Gomes's request for release or a bond hearing be denied.

To the extent Gomes is challenging his final order of removal, the Report observes that this court lacks jurisdiction to entertain his claims pursuant to the Real ID Act. Jordan v. Attorney General, 424 F.3d 320, 327-38 (3d Cir. 2005). The court has reviewed the pertinent filings and agrees with Judge Mehalchick's recommendations.

Gomes has filed objections to the Report, in which he argues that, having been granted a stay of removal by the Third Circuit until it addresses his petition for review of the BIA's decision, "the basis of his custody reverted to [§]1226." (Doc. 10, at 2). As a result, Gomes asserts that his petition is not moot and he should be granted a bail hearing.

The government acknowledges that, in light of the stay of removal, the court should view Gomes as a pre-final order detainee pursuant to 8 U.S.C. §1226(a). See Payano v. Lowe, No. 3:16-cv-2019, 2016 WL 6995433 (M.D.Pa. Nov. 30, 3016). However, it notes that how the court views Gomes's status and how his status is classified administratively differ and, consequently, so does the amount of process he receives. To that end, the government notes that DHS has and continues to view him as a post-final order detainee pursuant to 8 U.S.C. §1231(a) and that, after six months when his removal was not imminent, he was provided a bond hearing, where an immigration judge found that Gomes was a danger and flight risk. See

*Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3d Cir. 2018). Consequently, the government argues Gomes is not entitled to any further habeas relief. The government is correct. Because Gomes has already received the bond hearing that he seeks, he has received all due process to which he is entitled. As such, the court will overrule the objections and adopt the Report of Judge Mehalchick as the opinion of this court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) Gomes's objections to the Report, (Doc. 10), are **OVERRULED**;

(2) The Report of Judge Mehalchick, (Doc. 9), is **ADOPTED IN ITS ENTIRETY**;

(3) Gomes's petition, (Doc. 1), is **DISMISSED WITHOUT PREJUDICE**; and

(4) The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 15, 2021**
20-505-01